**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LEE METCALF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:18-cv-01096-SRU |
| | ) | |
| v. | ) | |
| | ) | |
| BELLWETHER STAFFING | ) | |
| SOLUTIONS, LLC and QUORUM | ) | |
| FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendants. | ) | December 3, 2018 |
| | ) | |

**BELLWETHER STAFFING SOLUTIONS, LLC'S**
**CROSS CLAIM AGAINST QUORUM FEDERAL CREDIT UNION**

Defendant Bellwether Staffing Solutions, LLC ("Bellwether") asserts this cross claim

against Quorum Federal Credit Union ("Quorum") seeking indemnification and other available

relief under the Connecticut Unfair Trade Practices Act ("CUTPA").

**FACTUAL BACKGROUND**

1.     Defendant Bellwether provides recruitment and staffing solutions for its clients.

2.     On or about September 21, 2007, Bellwether and Quorum entered into an

agreement entitled Schedule of Fees and Terms (the "Agreement").

3.     Pursuant to the Agreement, Quorum agreed to pay Bellwether fees in exchange

for Bellwether recruiting and placing workers at Quorum.

4.     The fees paid to Bellwether by Quorum were directly based on the hours worked

by any such individual at Quorum.

5.　　The procedure followed by Bellwether and Quorum required the individual worker to submit his timesheets to Bellwether and for Bellwether to forward the timesheets and invoice to Quorum for approval and payment.

6.　　Bellwether only paid the worker for hours submitted to and approved by Quorum.

7.　　The fees paid by Quorum to Bellwether were also calculated based on the hours worked by the individual.

8.　　On or about March 9, 2017 Bellwether engaged Lee "Junior" Metcalf ("Metcalf") to perform services as a mortgage underwriter for Quorum on a remote basis.

9.　　Under the 1099 Contractor Agreement ("Contractor Agreement") entered into by Metcalf and Bellwether, Metcalf was responsible for reporting his hours worked for Quorum to Bellwether every Friday.

10.　　Metcalf performed services at Quorum from March 2017 to June 2018.

11.　　Bellwether paid Metcalf for all hours that Metcalf submitted to Bellwether and that were approved by Quorum.

12.　　On or about June 28, 2018 Metcalf filed the Complaint in this action.

13.　　In his Complaint, Metcalf alleges that Quorum personnel instructed him to report only 40 hours per week to Bellwether and that Quorum "promised to pay [him] an end of year bonus in lieu of paying him overtime wages." Complaint, ¶16.

14.　　Quorum's instructions to Metcalf were in contravention of Quorum's agreement with Bellwether and operated to Bellwether's detriment, in that the fees paid to Bellwether by Quorum were a direct function of the hours worked by Metcalf.

15.     To the extent that Quorum agreed to pay Metcalf directly – instead of via its Agreement with Bellwether – Quorum deprived Bellwether of fees owed to Bellwether pursuant to the parties' Agreement.

16.     Metcalf alleges that in or around March 2018, Quorum "advised [him] that he would receive payment for 495 overtime hours." Complaint, ¶18.

17.     Metcalf also alleges that in or around June 2018, Quorum also "advised [Metcalf] that he would be paid for an additional 77 overtime hours." Complaint, ¶19.

18.     Quorum never advised Bellwether of any promises Quorum made to pay Metcalf for any hours other than those submitted on Metcalf's timesheets and approved by Quorum.

**COUNT ONE: COMMON LAW INDEMNIFICATION**

1-18.     Paragraphs 1-18 above are incorporated and made Paragraphs 1-18 of this Count One.

19.     Metcalf alleges in his Complaint that he sustained harm as a result of being deprived overtime wages that Quorum promised to pay to him.

20.     As set forth above, Bellwether was not a party to any agreement to pay Metcalf for any hours other than those submitted by Metcalf on his timesheets and approved by Quorum.

21.     If the events as alleged in the Complaint are true, then Metcalf's damages were directly caused by Quorum and/or Quorum's agents, who promised to pay Metcalf directly and outside any agreement to which Bellwether was a party.

22.     If the events as alleged in the Complaint are true, then it was the conduct of Quorum and/or its agents, rather than Bellwether that was the direct and immediate cause of the harm alleged by Metcalf.

23.     Quorum owes a duty of indemnification to Bellwether in the event that Bellwether is found liable to Metcalf for any damages relating to the claims alleged in the Complaint.

## COUNT TWO:  BREACH OF CONTRACT

1-18.   Paragraphs 1-18 above are incorporated and made Paragraphs 1-18 of this Count One.

19.     Quorum's promise to pay Metcalf directly – instead of via Quorum's Agreement with Bellwether – is a breach of that Agreement.

20.     Quorum's breach of the parties' Agreement operates to Bellwether's direct detriment, as it reduces the fees owed by Quorum to Bellwether, for the services Bellwether performed.

21.     Bellwether has suffered, and continues to suffer, financial harm as a result of Quorum's breach of the Agreement.

## COUNT THREE: VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-18.   Paragraphs 1-18 above are incorporated and made Paragraphs 1-18 of this Count One.

19.     Quorum committed the acts alleged herein with knowledge that its conduct would harm the financial interests of Bellwether.

20.      Quorum committed the acts alleged herein for its own personal financial interest and benefit.

4

21.     Counseling Metcalf to only report 40 hours a week on his time sheets in exchange for a promise to pay a year-end bonus directly to Metcalf, to the detriment of Bellwether, constitutes an unethical and unscrupulous act by Quorum.

22.     The wrongful conduct described above is a violation of the Connecticut Unfair Trade Practices Act.

23.     As a direct and proximate cause of Quorum's wrongful conduct, Bellwether has suffered monetary damages.

24.     As a direct result of Quorum's wrongful conduct, Bellwether is entitled to punitive damages and attorneys fees.

WHEREFORE, Bellwether claims the following relief and damages against Quorum:

1.  Order demanding that Quorum defend Bellwether's interests in connection with the Complaint;

2.  Damages/reimbursement of attorneys fees incurred by Bellwether to date in connection with defending the claims alleged in the Complaint;

3.  Indemnification for any resulting damages against Bellwether or settlement proceeds on behalf of Bellwether;

4.  Money damages;

5.  Punitive damages under CUTPA (Count Three);

6.  Attorney's fees under CUTPA (Count Three); and

7.  Such other relief as the court may deem necessary and proper.


DEFENDANT,
BELLWETHER STAFFING SOLUTIONS, LLC


/s/ Stuart M. Katz
Stuart M. Katz, Esq. ct12088
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel: (203) 368-0211
Fax: (304) 394-9901
Email: skatz@cohenandwolf.com

6

## **CERTIFICATION**

I hereby certify that on the 3rd day of December, 2018, a copy of the foregoing Cross Claim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Stuart M. Katz
Stuart M. Katz, Esq.